IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| PAUL A. BRADFORD, | : | |
| | : | |
| Petitioner, | : | |
| v. | : | CASE NO.: 7:20-cv-138 |
| | : | |
| UNITED STATES OF AMERICA, | : | RELATED CASE NO.: 7:18-cr-60 (WLS) |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

On September 22, 2021 this Court received a letter (Doc. 76) from Petitioner Bradford requesting that this Court reopen Petitioner's 28 U.S.C. § 2255 Motion to Vacate (Doc. 65) and grant an extension of thirty (30) days to object to United States Magistrate Judge Thomas Q. Langstaff's Report and Recommendation (Doc. 70), which this Court adopted in its August 9, 2021 Order. (Doc. 73.) Petitioner requests the above-mentioned relief because Petitioner never received a copy of the Magistrate Judge's Report and Recommendation. (Doc. 65.) While Petitioner's letter was not an official motion to reopen – and did not cite Federal Rule of Appellate Procedure 4(a)(6), the relevant statute – this Court has decided to address the letter as a motion to reopen in the interests of justice and for the purposes of creating a complete record. For the following reasons, Petitioner's request to reopen is **GRANTED**. Petitioner is noticed that he shall have **fourteen days from the entry of this order** to file his objections to the Magistrate Judge's Recommendation.

The record shows that Petitioner filed his initial Motion to Vacate on July 14, 2020 while incarcerated at the Crisp County Detention Center located at 196 HWY 300 South Cordele, GA 31015. (Doc. 65-4.) On that same day, Petitioner also filed a Motion to Appoint

Counsel (Doc. 66) and a Motion to Proceed *in forma pauperis* (IFP). (Doc. 67.) On April 7, 2021 the Magistrate Judge issued his Report and Recommendation in favor of dismissal. (Doc. 70.) In that Recommendation the Magistrate Judge denied as moot Petitioner's Motion to Appoint Counsel and Motion to Proceed IFP. (*Id.*) The Clerk's Office certified on April 8, 2021 that it mailed – by United States Postal Service – a copy of the Magistrate Judge's Report and Recommendation to the Petitioner. That mail was returned as undeliverable on April 19, 2021. (Doc. 71.) This Court waited an additional four months before entering an Order Adopting the Report and Recommendation on August 9, 2021. (Doc. 73.) Therein, this Court noted the fact that the letter had been returned as undeliverable. (*Id.*)

In the September 22, 2021 letter Petitioner notified the Court that he has been at the Federal Corrections Institute (FCI) in Beaver, West Virginia zip code 25813, since January, 2021. (Doc. 76.) The record does not reflect that Petitioner noticed this Court of his change of address,[1] which is Petitioner's responsibility. While "[t]his fact alone is a sufficient basis for denying [Petitioner's] motion to reopen," in the interests of justice this Court has decided to grant Petitioner's motion to reopen. *Bazemore v. United States*, 292 Fed. Appx. 873, 875 (11th Cir. 2008).

This Court finds that it is in the interests of justice to grant the relief requested in Petitioner's letter, because Petitioner never received the Magistrate Judge's Recommendation. Petitioner never received a copy of the Recommendation because Petitioner never noticed this Court of his change of address. Petitioner's mistake was excusable, however, because

---

[1] The only notice this Court received was when Defendant mailed a letter to the Court requesting a status update on July 20, 2021. (Doc. 72.) The envelope of that letter reflected that it was mailed from the FCI in Beaver, West Virginia. (*Id.*)

2

Petitioner was never noticed that it is his responsibility to keep this Court apprised of his current location of incarceration.

> Under Fed. R. App. P. 4(a)(6) a district court:
>
> <u>may</u> reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the Court finds that no party would be prejudiced.

The Court finds that Petitioner satisfies all of Fed. R. App. P. 4(a)(6) conditions and therefore, exercises its discretion and reopens Petitioner's 28 U.S.C. § 2255 Motion to Vacate (Doc. 65) for the statutory period of 14 days. This Court elects to re-open this case because typically, in this Court, the Magistrate Judge notices a pro-se Petitioner of the responsibility to file a change of address when ruling on their Motion to Proceed *in forma pauperis*. In the present case, the Magistrate Judge denied as moot Petitioner's Motion to Proceed *in forma pauperis* (Doc. 67) in the Report and Recommendation. (Doc. 70.) Therefore, Petitioner was never informed that it is his responsibility to keep this Court informed as to Petitioner's current location of incarceration.

In conclusion, Petitioner's request to reopen his 28 U.S.C. § 2255 Motion to Vacate is **GRANTED**. Since Petitioner has received the Recommendation and has had it in his possession for review for an extended period, of time thirty (30) days for filing an objection

3

is not necessary or reasonable. The Court finds that the statutory period of 14 days is adequate. Therefore, Petitioner shall have **fourteen days from the entry of this order** to file objections to the Magistrate Judge's Recommendation. (Doc. 70.) This Court shall make a de novo determination as to those portions of the Recommendation to which an objection is made; all other portions of the Recommendation may be reviewed for clear error. The Petitioner is also notified that pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." Finally, Petitioner is **NOTICED** that it is his responsibility to promptly keep the Court apprised of his current location of incarceration.

    **SO ORDERED**, this  5th  day of October 2021.

                                           /s/ W. Louis Sands

                                           **W. LOUIS SANDS, SR. JUDGE**

                                           **UNITED STATES DISTRICT COURT**